UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRACEY BALTIMORE AS POWER OF
ATTORNEY FOR LAMAR DAVENPORT,

               Plaintiff,

-against-

HON. ELLEN BIBEN; PROSECUTOR ALVIN
BRAGG,

               Defendants.

25-CV-4701 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff Tracey Baltimore, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated the rights of her adult son, Lamar Davenport. By order dated July 2, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint, in which Plaintiff Tracey Baltimore sues New York State Supreme Court Judge Ellen Biben, and New York County District Attorney Alvin Bragg.[1] Plaintiff Baltimore, who resides in Pennsylvania, purports to file this complaint on behalf of her adult son, Lamar Davenport, who is incarcerated at Sing Sing Correctional Facility for a 2018 New York County conviction for manslaughter in the first degree.[2] Baltimore alleges

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Publicly available court records show that Davenport's conviction was affirmed on appeal. *See People v Davenport*, No. 17205, 2023 WL 3063280 (1st Dept. Apr. 25, 2023).

2

that, due to myriad errors occurring at trial, the conviction was unlawful. Baltimore seeks declaratory relief, injunctive relief in the form of Davenport's immediate release, and money damages. (ECF 8-10.) Baltimore has filed an emergency motion for Davenport's immediate release; a motion for leave to file a petition for monetary damages; a motion "for preservation of electronic communications and records"; a motion "to compel the immediate release of cell phone property"; and a motion to "enter exhibit A into the court record." (ECF 8, 12, 13, 14, 23.)

## DISCUSSION

**A.     Baltimore cannot proceed on behalf of Davenport**

**1.     Civil rights complaint for damages**

Plaintiff Baltimore brings this Section 1983 action seeking damages on behalf of her son, Lamar Davenport. The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). Generally, a person who is not an attorney may not represent anyone other than him or herself in federal court. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

Baltimore, who is proceeding *pro se* and does not allege that she is a licensed attorney, cannot act on behalf of her adult son. The Court therefore dismisses any claims she asserts on

3

behalf of Lamar Davenport without prejudice to any action she or an attorney may file representing her interests.

### 2. Habeas corpus relief for release

A petition for a writ of *habeas corpus* may be brought either "by the person for whose relief it is intended or by someone acting in his [or her] behalf." 28 U.S.C. § 2242. When the petition is brought by a person other than the one seeking relief, the "next friend" must demonstrate that he or she has standing to act on the person's behalf. "First a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (citations omitted). "The burden is on the 'next friend' to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

While the Court assumes that, as his mother, Baltimore has a significant relationship with Davenport and is "truly dedicated to [his] best interests," *Whitmore*, 95 U.S. at 163, her submissions do not set forth any reason why resorting to the "next friend" device is necessary. Baltimore provides no explanation as to why she seeks to act on Davenport's behalf; she does not plead any facts showing that Davenport is disabled, incompetent, or otherwise unable to proceed on his own behalf, and she thus lacks standing to bring a Section 2254 petition on Davenport's behalf. *See, e.g.*, *Ross ex rel. Dunham v. Lantz*, 408 F.3d 121, 123 (2d Cir. 2005) (holding that sister of death row prisoner could not assert "next friend" status where prisoner was not disabled or incompetent, and she made no showing that he could not act on his own behalf).

The Court thus denies the petition without prejudice to Davenport asserting his rights in a Section 2254 petition.

## LEAVE TO AMEND

District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of Court is directed to enter judgment dismissing this case.

SO ORDERED.

Dated: July 14, 2025
       New York, New York

                                          *Louis L. Stanton*
                                          Louis L. Stanton
                                          U.S.D.J.