UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRACY BALTIMORE AS POWER OF ATTORNEY FOR LAMAR DAVENPORT,

                Plaintiff,

                -against-

HON. ELLEN BIBEN; PROSECUTOR ALVIN BRAGG,

                Defendants.

25-CV-4701 (LLS)

ORDER

---

LOUIS L. STANTON, United States District Judge:

      On June 2, 2025, Plaintiff Tracy Baltimore, proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint on behalf of her adult son, Lamar Davenport, who is incarcerated. Invoking 42 U.S.C. § 1983, Plaintiff alleged that Defendants violated Davenport's rights during his criminal proceedings, for which she sought Davenport's release from custody and money damages. (ECF 1.) On June 20, 2025, the matter was assigned to Chief Judge Swain. On July 1, 2025, Plaintiff filed the first of several motions seeking Davenport's "immediate release" and other relief (ECF 8, 9.) This matter was reassigned to the undersigned on July 15, 2025.

      By order dated July 15, 2025, and entered on the docket on July 17, 2025, the Court dismissed the complaint. First, the Court dismissed Plaintiffs claims against the named Defendants – the judge who presided over Davenport's criminal proceedings and the New York County District Attorney – because they are immune from suit. Second, the Court dismissed Plaintiff's Section 1983 claims because, as a nonattorney, Plaintiff cannot represent Davenport or file documents on his behalf. *See Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 302 (E.D.N.Y. 2009) (noting that "both federal and New York law prohibit the practice of law . . . on behalf of anyone other than himself or herself by a person who is not an admitted member of the Bar,

regardless of the authority purportedly conferred by execution of a power of attorney." (citing *In re Welsh*, 51 A.D.3d 1351 (3d Dep't 2008)). Finally, because Plaintiff moved for Davenport's immediate release from custody, the Court construed her submission as seeking *habeas corpus* relief under 28 U.S.C. 2254, held that she had not alleged facts showing that she could proceed as a "next friend" to Davenport, and dismissed any related claims without prejudice to Davenport filing his own *habeas corpus* petition. (ECF 27.)

Plaintiff thereafter filed emergency motions "to strike [the dismissal order and civil judgment] and to demand reprimand, sanctions for fraudulent judicial conduct"; a motion "to vacate order of dismissal, reassign judge, and for emergency reconsideration due to discrimination and obstruction of justice"; and a motion "for reassignment and emergency reconsideration." (ECF 31-34.) Plaintiff objects that the matter was reassigned on the same day that the Court issued its order. (ECF 31.) Plaintiff also filed a *habeas corpus* petition and a supporting affidavit on Davenport's behalf. (ECF 35-36.) After reviewing the arguments in Plaintiff's submissions in this matter, the Court denies the motions.

## DISCUSSION

### A. Motion for recusal or reassignment

Because Plaintiff seeks sanctions against the undersigned, the Court first addresses whether recusal is warranted in this matter. For the following reasons, the Court finds that recusal is not warranted.

A judge is required to recuse himself from "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . entertain

2

significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]"). In rare circumstances, judicial "opinions formed by [a] judge on the basis of facts introduced or events occurring in the course of the [court] proceedings, or of prior proceedings," may be the basis of a recusal motion, but only if those opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Plaintiff states no facts suggesting that the undersigned "displayed a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Any reasonable and objective observer would perceive Plaintiff's dissatisfaction only with the timing and contents of court activity or rulings. If Plaintiff is dissatisfied with court rulings or the handling of this case, she is free to appeal them to the United States Court of Appeals for the Second Circuit. *See id.* (noting that [a]lmost invariably, [judicial rulings] are proper grounds for appeal, not for recusal").

As there is no need for the undersigned to recuse himself from this action, the Court denies the motion for recusal, reassignment, or sanctions.[1]

**B.     Motion for reconsideration**

The Court liberally construes Plaintiff's submissions as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), a motion for reconsideration under Fed. R. Civ. P. 59(e), and a motion for reconsideration under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)).

    1.     Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court."

---

[1] Plaintiff paid the fees to file a new civil action against, among others, the undersigned and Chief Judge Swain, in connection with this action. *See Baltimore v. State of New York*, No. 25-CV-5887 (ER) (S.D.N.Y. filed July 17, 2025). A judge is not disqualified "merely because a litigant sues or threatens to sue him." *DiMartino v. Pulice,* No. 16-CV-0378, 2017 WL 958391, at *2 (D. Conn. Mar. 10, 2017) (quotation marks and citations omitted) (collecting cases); *Kampfer v. Gokey*, 955 F. Supp. 167, 170 (N.D.N.Y. 1997) (holding that a litigant cannot obtain recusal simply by filing a lawsuit against a judge who issued an order adverse to their position); *Jones v. City of Buffalo*, 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994) (holding that judges should not "automatically recuse themselves simply because they or their fellow judges on the court are named defendants" in a lawsuit). The Court notes that Plaintiff also filed a *habeas corpus* petition and affidavit in that matter. No. 25-CV-5887, ECF 10, 11.

*Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.' (internal quotation and citations omitted)).

The Court dismissed Plaintiff's complaint against the named Defendants on immunity grounds, and dismissed without prejudice any claims she purported to assert on behalf of her adult son. Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

2. Motion for Reconsideration under Local Civil Rule 6.3

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

3. Motion for Reconsideration under Fed. R. Civ. P. 60(b)

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of her motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). In her motion, Plaintiff does not state any facts suggesting that extraordinary circumstances exist warranting reconsideration of the Court's order of dismissal.

## CONCLUSION

The Court denies the motions seeking recusal and reconsideration. The Clerk of Court is directed to terminate all outstanding matters. This matter remains closed.

SO ORDERED.

Dated:  July 28, 2025
        New York, New York

                                            _____
                                                Louis L. Stanton
                                                   U.S.D.J.